### In re SEARS et al.

#### (District Court, W. D. New York.   November 27, 1901.)

#### No. 731.

1. BANKRUPTCY—TRANSFER AND CONSOLIDATION OF CASES—PARTNERSHIPS.

Bankr. Act 1898, § 32, providing for the transfer of proceedings where petitions are filed "against the same person or against different members of a partnership in different courts of bankruptcy, each of which has jurisdiction," and their consolidation in the court which can proceed with the same for the greatest convenience of the parties in interest, authorizes such transfer and consolidation in cases where different petitions are filed against a partnership, which is a "person," within the definition of section 1 (19).

2. SAME—DISCRETION OF COURT.

In cases where a partnership is proceeded against in bankruptcy by two or more petitions in different courts, each having jurisdiction, the court in which the petition is first filed will retain jurisdiction and dis-

pose of the case, unless, in its discretion, it directs a transfer to another district for the greater convenience of the parties in interest; and such transfer will not be ordered where it appears that the creditors petitioning therefor have received preferences, which they do not offer to surrender, and it is doubtful whether the transfer will be for the greater convenience of the creditors who have not been preferred.

In Bankruptcy. Motion to transfer proceedings to another district.

Clarence M. Lexow, for the motion.
Moses Shire, for petitioning creditors in Western district.
O. R. Blair, for Frank Sears and Charles B. Sears.
Sol Wile, for William Oliver, creditor.
Eugene Cary, for Bank of Niagara, creditor.
Martin Carey, for American Cement Co., moving creditor.
L. L. Babcock, for Bank of Buffalo, creditor.
J. G. Dudley, for Wabash Portland Cement Co., creditor.

HAZEL, District Judge. This is a motion by certain creditors of the alleged bankrupts for the transfer of this proceeding to the Southern district of New York. It was instituted against the respondents by petition of creditors filed in this district on October 10, 1901. The motion is also to consolidate this proceeding with one subsequently instituted by creditors in the Southern district, on October 23d. The subpœna issued is returnable in this court on the 28th day of November, 1901. October 26th a receiver was appointed by this court, who has qualified, entered upon the discharge of his duties, and who is now in possession of property belonging to the alleged bankrupts. The petition filed here alleges an act of bankruptcy committed by the firm on October 7th. This consisted in the transfer while insolvent of a large portion of their property to the Whitehall Portland Cement Company of Philadelphia, creditor of the alleged bankrupts, for an antecedent indebtedness, and with the intent to prefer that company over other creditors. This alleged act of bankruptcy is denied in the answer filed by the Whitehall Portland Cement Company. The subpœna issued upon the petition of creditors subsequently filed in the Southern district was returnable October 29th. Service of the subpœna in that proceeding was made upon Frank Sears, one of the partners, who is a resident of that district, and who has admitted the insolvency of the partnership, and its willingness to be adjudged bankrupt on that ground. The other partners, Humbert, resident of the Western district, and Charles B. Sears, resident of Chicago, Ill., have not been served with the subpœna, although both have appeared. Humbert has served and filed a verified answer, denying material allegations contained in the petition. It was admitted on the argument that the main office and principal place of business of the partnership is in the city of New York. Branch offices are located at Buffalo and Chicago. It therefore appears that petitions on behalf of creditors in involuntary bankruptcy have been filed against a partnership in different courts of bankruptcy, each of which has jurisdiction. The motion for transfer and consoli-

dation is based on the ground that it is for the greatest convenience of creditors and parties in interest that the district court for the Southern district of New York should proceed with the cases. It is clear that this court has jurisdiction to adjudge the partnership bankrupt by reason of the residence of one of the partners in the territorial district of the court for the greater part of the preceding six months. The moving parties rely on section 32 of the act. By this section jurisdiction is conferred on this court to relinquish jurisdiction, and make an order of transfer and consolidation to that court which can proceed in the case with the greatest convenience to parties in interest. Section 32 provides that this may be done when petitions are filed against the same person or against different members of a partnership, in different courts of bankruptcy, each of which has jurisdiction. By section 1 (19) it is provided that "person" shall include partnerships. The only reasonable construction that can be placed on section 32 is that a consolidation and transfer may be made where different petitions are filed against partnerships as well as where petitions are filed against individual members of a partnership in different jurisdictions. In a proper case, therefore, the court may direct that the assets of the partnership estates be so disposed of or marshaled as to best subserve the interest of the individual and partnership creditors, and may require strict compliance with the various provisions of section 5 of the bankrupt act. General order No. 6, among other things, has application to the power of the court to hear the petition where the debtor has his domicile. In cases where a partnership is proceeded against by two or more petitions in different courts, each having jurisdiction over the case, the hearing shall in such case be had where the petition was first filed, unless the court by order directs a transfer and consolidation, as provided by section 32 of the act. It is well settled and a familiar rule, irrespective of the express provisions of section 32, that the court first obtaining jurisdiction of the property will proceed to its complete and final disposition. A transfer of the case to another court having jurisdiction will only be directed when it is for greatest convenience of the parties interested. It seems to me, therefore, that in this proceeding the discretion vested in the court by the bankrupt act and general order No. 6 is properly invoked.

It appears from the affidavits read in opposition to this motion, and it is not denied, that the creditors petitioning in the Southern district have received payments on their several accounts within four months, and during the time the partnership is claimed to have been insolvent, and therefore said creditors have no provable claims, unless such payments are surrendered. Various other creditors, who join in the petition for consolidation and transfer, are claimed to have received a preference, among them the Whitehall Portland Cement Company, to the amount of $30,000, and the American Cement Company, to the amount of $24,462.32. It is quite true that creditors having received a preference may surrender their preference in order to prove their claim, but by section 59 of the bankrupt act it is provided that three or more creditors who have provable

claims against any person, which amount in the aggregate, in excess of the value of the securities held by them, if any, to $500, may file a petition to have such person adjudicated bankrupt. No offer to surrender an alleged preference is made. It is therefore doubtful whether the petitioning creditors for adjudication in bankruptcy in the Southern district, or other creditors who have received a preference, can be heard to say that their convenience would be promoted by a transfer of the case from a district in which a petition was first filed.

In addition, however, to this point, which was raised on the argument, it appears from the papers read on this motion that the partnership books show that 99 creditors have claims against the alleged bankrupts. Thirty-three reside in the Southern district or districts near thereto. Sixty-three reside in districts more convenient to the Western district of New York, which first obtained jurisdiction. The preferences held by the moving creditors, no offer to surrender the same having been made, in addition to the facts as to the residence of the different creditors, lead the court to the conclusion that no order for transfer should be made.

Let an order be entered accordingly.